Liza M. Walsh
Hector D. Ruiz
Katelyn O'Reilly
Joseph L. Linares
WALSH PIZZI O'REILLY FALANGA LLP
One Riverfront Plaza
1037 Raymond Boulevard, 6th Floor
Newark, New Jersey 07102
Tel.: (973) 757-1100
Fax: (973) 757-1090

Robert T. Maldonado (*pro hac vice* motion to be submitted)
Tonia A. Sayour
Elana Araj (*pro hac vice* motion to be submitted)
COOPER & DUNHAM LLP
30 Rockefeller Plaza
New York, New York 10112
Tel.: (212) 278-0400
Fax: (212) 391-0525

*Attorneys for Plaintiffs*

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2018 MAR -8  P 12: 10

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TELEBRANDS CORP., PROMETHEUS BRANDS, LLC and A2 PRODUCT DEVELOPMENT, INC.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**E. MISHAN & SONS, INC., GOTHAM STEEL LLC and MARVIN LEVY,**<br><br>**Defendants.** | Civil Action No. _____<br><br>**COMPLAINT AND JURY TRIAL DEMAND**<br><br>*Electronically Filed* |

Plaintiffs Telebrands Corp. ("Telebrands"), Prometheus Brands, LLC ("Prometheus"), and

A2 Product Development, Inc. ("A2") (collectively, "Plaintiffs"), for their Complaint against

1

Defendants E. Mishan & Sons, Inc. ("Emson"), Gotham Steel LLC ("Gotham Steel") and Marvin Levy ("Levy") (collectively, "Defendants") allege as follows:

## PARTIES

1. Plaintiff Telebrands is a corporation organized and existing under the laws of the State of New Jersey, having a place of business at 79 Two Bridges Road, Fairfield, New Jersey 07004.

2. Plaintiff Prometheus is a limited liability company organized and existing under the laws of the State of Delaware, having a place of business at 79 Two Bridges Road, Fairfield, New Jersey 07004.

3. Plaintiff A2 is a corporation organized and existing under the laws of the State of New York, having a place of business at 245 West 29th Street, New York, New York 10001. A2 Product Development Inc. has sometimes been referred to in shorthand as "A2 Inc."

4. Defendant Emson is a corporation organized and existing under the laws of the State of New York, having a place of business at 230 5th Avenue, Suite 800, New York, New York, 10001. Emson does business throughout the United States, including within the State of New Jersey

5. Defendant Gotham Steel is a limited liability company organized and existing under the laws of the State of New Jersey, having a place of business at 157 Veterans Drive, Northvale, New Jersey 07647.

6. Defendant Levy is an individual residing, on information and belief, at 8 Pineview Terrace, Montvale, New Jersey 07645. Levy is a principal at Gotham Steel.

7. On information and belief, Levy actively and consciously directs Gotham Steel's actions as described herein.

8. On information and belief, both Levy and Gotham Steel are agents of the other and

2

act within the scope, purpose, and authority of that agency and with knowledge, permission, and consent of the other.

9.     On information and belief, Levy and Gotham Steel exhibit a unity of interests such that any individuality and separateness of Levy and Gotham Steel has ceased as each is the agent and alter-ego of the other with regard to the acts alleged herein.

10.    On information and belief, Levy's and Gotham Steel's actions described in this Complaint were made at each other's direction and/or in concert or participation with each other.

11.    On information and belief, Levy's and Gotham Steel's actions described in this Complaint were made as agent of one another, and for each other's benefit.

## NATURE OF THE CLAIM, JURISDICTION AND VENUE

12.    The claim arises under the Trademark and Unfair Competition Laws of the United States (15 U.S.C. § 1051 *et seq.*) and the common law of the State of New Jersey.

13.    Jurisdiction of this Court is founded upon 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 1332(a)(1) and 1338(a) and (b), and the supplemental jurisdiction of this Court under 28 U.S.C. § 1367. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

14.    On information and belief, Defendants solicit and conduct business within the State of New Jersey through their website, https://muffinbonanza.com/, and have committed tortious acts in the State of New Jersey.

15.    Venue is proper within this Judicial District under 28 U.S.C. Sections 1391(b) and (c).

16.    In addition, jurisdiction and venue are proper pursuant to the "Governing Law" provision of the Non-Disclosure Agreement referenced herein.

3

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### *RELEVANT BACKGROUND OF TELEBRANDS/PROMETHEUS*

17.     Telebrands is a direct marketing company and is engaged in the business of marketing and selling a wide variety of consumer products in the State of New Jersey and elsewhere through direct response advertising, catalogue, mail order, and internet sales, and through national retail stores.

18.     For over thirty years, Telebrands has been a leading developer and marketer of consumer products. Telebrands is widely known through the retail industry for its success in driving retail sales through its nationwide advertising programs.

19.     Telebrands sells its products through television direct response advertising and through national retail stores such as Wal-Mart, Target, Walgreens, Bed, Bath & Beyond, and CVS. Telebrands is a recognized leader in the "As Seen On TV" industry and has received numerous awards for its achievements from the industry and from its customers.

20.     Prometheus is a company that owns intellectual property licensed to Telebrands.

### *RELEVANT BACKGROUND OF A2*

21.     A2 is a product design and development firm that develops consumer products for its customers/collaborators. Some of A2's customers/collaborators include but are not limited to, Oneida, Wilton, Samsung and Bakelicious brands.

22.     A2 develops new products, and then presents them to companies who may want to manufacture, market and sell the products. Prior to disclosing A2's ideas and proprietary information relating to its product designs, A2 may require that recipients of such information enter into non-disclosure agreements ("NDA"s). Upon execution of an NDA, A2 provides its product

4

design proprietary information to its customers/collaborators in the hopes that the parties will enter into a formal agreement, for example, a licensing agreement.

23.     A2 designed a novel two-part removable cupcake pan that allows users to easily remove baked goods from a non-stick pan. The cupcake pan includes a removable insert with tabs that allow a user to easily lift the cupcakes out of the pan.  A photograph of A2's two-part removable cupcake pan is shown below.



24.     Telebrands is A2's licensee for the two-part removable cupcake pan, pursuant to a confidential license agreement dated March 5, 2018.

## *THE BROWNIE BONANZA TRADEMARK*

25.     In or about May 2017, Telebrands started manufacturing, marketing, offering for sale and selling a copper bakeware product with a removable insert that enables users to easily remove pre-cut baked goods from a non-stick pan under the mark BROWNIE BONANZA. Telebrands has used the trademark BROWNIE BONANZA for cookware, namely, a baking pan, continuously since then. Attached as Exhibit 1 is a true and correct copy of Telebrands' website for the BROWNIE BONANZA product, accessible at https://www.browniebonanza.com/.

26.     The BROWNIE BONANZA Trademark was adopted to indicate the source of the bakeware products. The mark is non-functional, fanciful, distinctive and well-recognized as and represents the source of Telebrands' product sold in association therewith and a substantial goodwill of Telebrands throughout the United States, including in the State of New Jersey.

27.     Prometheus is the owner of U.S. Trademark Registration No. 5,403,134, registered on February 13, 2018, for the mark BROWNIE BONANZA for "cookware, namely, baking pan[s]." ("BROWNIE BONANZA Trademark"). Attached as Exhibit 2 is a true and correct copy of the BROWNIE BONANZA U.S. Trademark Registration certificate. This trademark registration is valid and subsisting.

28.     Telebrands is the exclusive licensee of the BROWNIE BONANZA Trademark.

29.     The BROWNIE BONANZA Trademark was not the first trademark used by Telebrands that utilizes the word BONANZA. In mid-December 2014, Telebrands began marketing a product that fills multiple water balloons at the same time, under the trademark BALLOON BONANZA. Telebrands incorporated its prior use of the word BONANZA into its BROWNIE BONANZA trademark.

30.     Telebrands invested a significant amount of money in manufacturing the BROWNIE BONANZA product, along with national advertising online, on television, and in retail stores.

6

Telebrands markets and sells its BROWNIE BONANZA product throughout the United States and has aired television commercials nationwide and on the Internet exposing the BROWNIE BONANZA Trademark to millions of viewers. Telebrands has made a substantial investment in the marketing of the BROWNIE BONANZA product for cookware, namely, a baking pan.

31.     The BROWNIE BONANZA Trademark has acquired secondary meaning.

32.     Telebrands' advertising and promotion highlights the BROWNIE BONANZA Trademark.

33.     As a result of its long and substantially exclusive use, substantial sales and extensive advertising and promotional activities in connection with Telebrands' baking pan products, the BROWNIE BONANZA Trademark has become well-known and widely recognized as indicating the source or origin of Telebrands' products.

## *TELEBRANDS' MUFFIN MAN PRODUCT*

34.     In an effort to expand upon its line of Red Copper$^{TM}$ cookware, Telebrands will advertise, offer for sale and sell a non-stick pan with a removable insert for baking muffins, for example, and easily removing them from the pan under the trademark MUFFIN MAN ("MUFFIN MAN Product").     Attached as Exhibit 3 is a true and correct copy of a marketing sheet for Telebrands' MUFFIN MAN PRODUCT, which is distributed to prospective buyers.

35.     Telebrands' MUFFIN MAN Product was designed in collaboration with A2.

36.     Telebrands plans to introduce the MUFFIN MAN product to buyers at the upcoming 2018 Housewares Show, commencing on March 10, 2018.

## *DEFENDANTS' INFRINGEMENT OF THE BROWNIE BONANZA TRADEMARK*

37.     Telebrands directly competes with several companies in the As Seen On TV

("ASOTV") market, including Defendants Emson and Gotham Steel. On information and belief, Emson advertises, markets, distributes and sells ASOTV merchandise at many of the same national retail outlets through which Telebrands sells its goods, including Wal-Mart, Target, and Bed, Bath & Beyond.

38. On information and belief, Emson and Gotham Steel are business partners, and Emson is a licensee of Gotham Steel.

39. In or about February 2018, Defendants began advertising and offering for sale on their website, https://muffinbonanza.com, a copper muffin baking pan with a removable insert that enables users to easily remove muffin products from a non-stick pan under the mark MUFFIN BONANZA ("the MUFFIN BONANZA Product"). Emson's marketing materials state that the MUFFIN BONANZA Product is "by GOTHAM STEEL."

40. The website, https://muffinbonanza.com, includes a page that sets forth the privacy policy of Emson evidencing that the https://muffinbonanza.com, website is Emson's. Attached as Exhibit 4 is a true and correct copy of Emson's website for the MUFFIN BONANZA Product.

41. Prior to the launch of the MUFFIN BONANZA Product, Defendants advertised, offered for sale and/or sold a bacon cookware product under the mark BACON BONANZA, which is marketed, offered for sale, and/or sold through Defendants' website, www.buybaconbonanza.com ("BACON BONANZA Product"). In its marketing materials, Emson states that the BACON BONANZA Product is "by GOTHAM STEEL."

42. Defendants' website, www.buybaconbonanza.com, includes a page that sets forth the privacy policy of Emson, evidencing that the www.buybaconbonanza.com website is Emson's. Attached as Exhibit 5 is a true and correct copy of Emson's website for the BACON BONANZA Product.

8

43.     Defendants have offered for sale, marketed and/or sold and continue to offer for sale, market and/or sell the MUFFIN BONANZA Product and the BACON BONANZA Product throughout the United States and within the State of New Jersey. The MUFFIN BONANZA and BACON BONANZA Products directly compete with Telebrands' BROWNIE BONANZA product and are marketed and sold to consumers through the same channels of trade.

44.     Defendants are not affiliated with, authorized by, or sponsored by Plaintiffs, and have no authority to use Telebrands' and Prometheus' BROWNIE BONANZA Trademark.

45.     Upon learning of Defendants' BACON BONANZA and MUFFIN BONANZA Products, Telebrands sent cease and desist letters dated September 21, 2017 (to Gotham Steel) and February 22, 2018 (to Emson), respectively, for each infringing product, demanding that Defendants cease and desist from infringing the BROWNIE BONANZA Trademark.

46.     Gotham Steel did not respond to Telebrands' September 21, 2017 cease and desist letter, so on October 14, 2017, Telebrands forwarded the letter to Emson, and asserted that the same demands applied to Emson because Emson was marketing and selling the BACON BONANZA Product.

47.     On October 20, 2017 and on March 1, 2018, respectively, Emson's counsel responded to Telebrands' cease and desist letters by indicating that Emson would not cease its use of the BACON BONANZA and the MUFFIN BONANZA marks. Gotham Steel never responded to the cease and desist letter.

48.     In responding to the cease and desist letters, Emson asserted that, contrary to a finding by the United States Patent and Trademark Office (the "USPTO"), as described herein, confusion is not likely.

9

49.     Specifically, on or about September 14, 2017, Emson filed a trademark application for the mark BACON BONANZA. On information and belief, prior to filing this application, unlike Telebrands, Defendants did not market, sell, and/or offer for sale any product under a trademark that used the word BONANZA.

50.     On information and belief, Defendants were aware of Telebrands' and Prometheus' BROWNIE BONANZA Trademark at least as early as when the BACON BONANZA trademark application was filed.

51.     On or about December 21, 2017, prior to issuance of Telebrands' and Prometheus' BROWNIE BONANZA Trademark, the USPTO provisionally rejected Emson's application to register the mark BACON BONANZA for "bacon trays; bacon racks, [and] bacon cookware" on the grounds of *likelihood of confusion* between the BACON BONANZA mark and the prior BROWNIE BONANZA mark. Attached as Exhibit 6 is a true and correct copy of the Office Action issued by the USPTO in Emson's application with the provisional rejection.

52.     On information and belief, Defendants' adoption and use of a copy or colorable imitation of the BROWNIE BONANZA Trademark was deliberate and intentional and with full knowledge of Telebrands' and Prometheus' rights.

53.     Defendants' adoption of a copy or colorable imitation of the BROWNIE BONANZA Trademark was and is without Telebrands' and Prometheus' authorization or consent.

54.     On information and belief, Defendants' adoption and use of a copy or colorable imitation of the BROWNIE BONANZA Trademark was and is with the intent and purpose of confusing, misleading and deceiving the public, and unfairly capitalizing on Telebrands' and Prometheus' initiative and goodwill.

55.   By adopting and using a copy or colorable imitation of the BROWNIE BONANZA Trademark, and by trading on Telebrands' and Prometheus' valuable goodwill, Defendants have caused and are likely to cause confusion, mistake and deception of purchasers and potential purchasers as to the source or origin of the BACON BONANZA and MUFFIN BONANZA products and as to the existence of an association, connection, or relationship between Defendants and Telebrands and Prometheus.

56.   By adopting and using a copy or colorable imitation of the BROWNIE BONANZA Trademark, and by trading on Telebrands' and Prometheus' valuable goodwill, Defendants have prevented Telebrands and Prometheus from building upon the goodwill established in the BONANZA marks to their detriment.

57.   Defendants' adoption and use of a copy or colorable imitation of the BROWNIE BONANZA Trademark and trade on Telebrands' and Prometheus' valuable goodwill was, on information and belief, intentional and an effort to boost its sales of the MUFFIN BONANZA Product. Defendants' actions will negatively impact sales of Telebrands' MUFFIN MAN Product and Telebrands' and Prometheus' substantial goodwill. Defendants' acts as recited herein have been undertaken in bad faith so as to compete unfairly with Telebrands and Prometheus.

58.   Defendants' actions have damaged and are likely to damage the reputation and goodwill of Telebrands and Prometheus.

59.   Plaintiffs are being irreparably injured and monetarily damaged by Defendants' acts. Telebrands and Prometheus have no adequate remedy at law.

### *BREACH OF NONDISCLOSURE AGREEMENT*
(Against Gotham Steel and Levy)

60.   In addition to misappropriating Telebrands' and Promtheus' BROWNIE BONANZA Trademark for their baking pan, Defendants obtained the design for their pan by breaching a

11

nondisclosure agreement with A2.

61.     In or around April 2017, A2 presented newly developed products to Gotham Steel/Levy, with the goal of entering into a license agreement for one or more of the products. One of the products presented to Gotham Steel/Levy by A2 was the two-part removable cupcake pan.

62.     On or about April 11, 2017, A2 sent Gotham Steel/Levy photographs of the new two-part removable cupcake pan designed by A2. One of those photographs is reproduced above in paragraph 23. That same day, Gotham Steel/Levy sent A2 a Non-Disclosure Agreement ("NDA"), prepared by or for Gotham Steel/Levy, which acknowledged that disclosures by A2 relating to the two-part removable cupcake pan were proprietary and confidential.  Attached as Exhibit 7 is a true and correct copy of the executed NDA.

63.     The NDA states, in part, that "Disclosee [Gotham Steel/Levy] agrees not to disclose Confidential Information except to persons who have a need to know the confidential Information for the purpose of evaluating whether Disclosee should advertise, sell or distribute the Product. Disclosee agrees … not to disclose the Confidential Information to such persons unless such persons agree to be bound by this Agreement."  Exhibit 7, p. 2.

64.     The NDA further states that "Upon completion of its evaluation of the Confidential Information, Disclosee shall promptly return all copies of documents and materials which were provided to it by A2, unless otherwise directed by A2." Exhibit 7, p. 2.

65.     The NDA further contains a non-competition clause, which provides that "For two (2) years from the date of this Agreement, Disclosee shall not, directly or indirectly, manufacture, market, offer for sale or sell a product similar in form and function to the Product."  Exhibit 7, p. 3.

66. On or about April 2017, A2 provided Gotham Steel/Levy with a prototype of the two-part removable cupcake pan, and with CAD drawings, which could be used by a factory to manufacture the product.

67. A2 also sent Gotham Steel/Levy a draft license agreement for the two-part removable cupcake pan, but it was never signed. As a result, an agreement was never reached for Gotham Steel/Levy to manufacture, market and/or sell the two-part removable cupcake pan.

68. Realizing that there was no license agreement, A2 repeatedly asked Gotham Steel/Levy to return its prototype for the two-part removable cupcake pan, but it was never returned, in violation of the NDA.

69. Gotham Steel/Levy never returned any of the Confidential Information provided to them by A2, in violation of the NDA.

70. Upon information and belief, Gotham Steel/Levy disclosed A2's Confidential Information relating to the two-part removable cupcake pan to third parties, including Emson and at least one factory in China, without Emson or the factory agreeing to be bound by the NDA, in violation of the NDA.

71. The MUFFIN BONANZA Product marketed and sold by Defendants is a muffin baking pan with a removable insert that enables users to easily remove muffin products from a non-stick pan. As such, the MUFFIN BONANZA Product is similar in form and function to the two-part removable cupcake pan that is the subject of the NDA. This MUFFIN BONANZA Product has been offered for sale within 2 years of the date of the NDA. As such, the direct or indirect manufacturing, marketing, offering for sale and/or selling of such product by Gotham Steel/Levy violates the NDA.

72.    A2 is being irreparably injured and suffering monetary damages by Defendants' acts.

A2 has no adequate remedy at law.

## COUNT ONE

## TRADEMARK INFRINGEMENT UNDER SECTION 32 OF THE LANHAM ACT
## (U.S. TRADEMARK REGISTRATION NO. 5,403,134)

73.    Telebrands and Prometheus repeat and reallege all of the factual allegations made
above and incorporate them herein by reference.

74.    This cause of action for trademark infringement arises under Section 32 of the
Lanham Act, 15 U.S.C. § 1114, and is for infringement of a trademark registered on the Principal
Register of the USPTO as U.S. Registration No. 5,403,134.

75.    The unauthorized goods provided, sold and/or offered for sale by Defendants bearing
Telebrands' and Prometheus' federally registered trademark or colorable variations thereof are likely
to cause confusion, mistake or deception in that actual and potential customers are likely to believe
that Defendants' goods are provided by, sponsored by, approved by, licensed by, affiliated or
associated with, or emanate from Telebrands and Prometheus, and Defendants' acts constitute
trademark infringement.

76.    Defendants will continue their infringing acts unless enjoined by this Court.
Telebrands and Prometheus have no adequate remedy at law.

## COUNT TWO

## INFRINGEMENT OF BROWNIE BONANZA TRADEMARK
## IN VIOLATION OF SECTION 43(A) OF THE LANHAM ACT

77.    Telebrands and Prometheus repeat and reallege all of the factual allegations made
above and incorporate them herein by reference.

78.    This cause of action arises under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

14

79.     The acts of Defendants alleged herein, including their unauthorized marketing, sale, and/or offer for sale of cookware and bakeware products under the names BACON BONANZA and MUFFIN BONANZA are likely to cause confusion, mistake or deception of purchasers and potential purchasers as to the origin, sponsorship, or approval of products by Telebrands and Prometheus.

80.     By using such trademarks, Defendants have falsely and misleadingly described and suggested that the BACON BONANZA Product and the MUFFIN BONANZA Product emanate or are sponsored or approved by Telebrands and/or Prometheus.

81.     Upon information and belief, Defendants' conduct was and is willful and intentional.

82.     Upon information and belief, Defendants will continue to infringe upon Telebrands' and Prometheus' rights under §43(a) of the Lanham Act unless and until they are enjoined by this Court. Telebrands and Prometheus have no adequate remedy at law.

## COUNT THREE

## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER NEW JERSEY COMMON LAW

83.     Telebrands and Prometheus repeat and reallege all of the factual allegations made above and incorporate them herein by reference.

84.     This cause of action arises under the New Jersey common law.

85.     Defendants' sale of the BACON BONANZA Product and MUFFIN BONANZA Product constitutes unfair competition in violation of the laws of the State of New Jersey.

86.     By copying Telebrands' and Prometheus' trademark and using the word BONANZA in connection with cookware and bakeware, Defendants have misappropriated Telebrands' and Prometheus' significant investment and expenditures into the marketing for the BROWNIE BONANZA product and acquisition of the BROWNIE BONANZA trademark, and are seeking to

15

take advantage of the market that Telebrands and Prometheus have created for the product.

87.     On information and belief, Defendants' conduct is specially designed to capitalize on the initiative and goodwill of Telebrands and Prometheus and has injured and threatens to continue to injure Telebrands and Prometheus, including loss of customers, dilution of goodwill and injury to their reputation.

88.     Defendants have unfairly competed with Telebrands and Prometheus in violation of Telebrands' and Prometheus' common law rights.

89.     Upon information and belief, Defendants' conduct was and is willful and intentional, and has damaged Telebrands and Prometheus.

90.     Defendants will continue to cause irreparable damage to Telebrands and Prometheus, including loss of customers, damage to reputation and goodwill, in an amount which cannot be determined. Telebrands and Prometheus have no adequate remedy at law.

### COUNT FOUR

### UNFAIR COMPETITION UNDER N.J.S.A. §56:4-1, *et seq.*

91.     Telebrands and Prometheus repeat and reallege all of the factual allegations made above and incorporate them herein by reference.

92.     This cause of action arises under N.J.S.A. §56:4-1, *et seq.*

93.     Defendants' unauthorized use in commerce of the BACON BONANZA mark and MUFFIN BONANZA mark is likely to cause confusion, mistake or deception of purchasers and potential purchasers as to the origin, sponsorship, or approval of Defendants' products by Telebrands and/or Prometheus.

94.     Defendants' unauthorized use in commerce of the BACON BONANZA and

16

MUFFIN BONANZA marks falsely designate the origin of Defendants' products and is likely to cause confusion, mistake or deception about the origin of Defendants' goods.

95.     By using such copy of Telebrands' and Prometheus' BROWNIE BONANZA trademark, Defendants have falsely and misleadingly described and suggested that the products that they are selling and offering for sale emanate from or are sponsored or approved by Telebrands and Prometheus.

96.     The foregoing acts of Defendants constitute unfair competition in violation of N.J.S.A. § 56:4-1.

97.     Defendants' statutory violations and other wrongful acts have injured and threaten to continue to injure Telebrands and Prometheus, including loss of customers, dilution of goodwill, confusion of existing and potential customers and injury to its reputation. Defendants' acts are and have been willful and have damaged Telebrands and Prometheus, and unless restrained, will continue to cause irreparable damage to Telebrands and Prometheus, including damage to reputation and goodwill, in an amount which cannot be determined. Telebrands and Prometheus have no adequate remedy at law.

## COUNT FIVE

## BREACH OF CONTRACT
## (Against Gotham Steel and Levy)

98.     A2 repeats and realleges all of the factual allegations made above and incorporates them herein by reference.

99.     This cause of action arises under New Jersey common law.

100.    The NDA is a valid contract between A2, on the one hand, and Gotham Steel and Levy, on the other hand.

17

101.    A2 performed all of its obligations under the NDA, by providing Confidential Information to Gotham Steel and Levy.

102.    Gotham Steel and Levy have breached the NDA with A2 by directly or indirectly manufacturing, marketing, offering for sale and/or selling the MUFFIN BONANZA product, which is similar in form or function to the two-part removable cupcake pan developed and disclosed by A2 pursuant to the NDA.

103.    Gotham Steel and/or Levy is directly or indirectly manufacturing, marketing, offering for sale and/or selling the MUFFIN BONANZA product within two years of A2's disclosure of Confidential Information to Gotham Steel under the NDA.

104.    Gotham Steel and/or Levy breached the NDA by not returning Confidential Information to A2 upon completion of its evaluation.

105.    Gotham Steel and/or Levy's breach of contract is damaging A2 in the form of monetary loss and irreparable harm.

106.    Gotham Steel and Levy have acknowledged that breach of the NDA will cause irreparable harm to A2.

107.    Upon information and belief, Gotham Steel's and/or Levy's acts are and have been willful and have damaged A2, and unless restrained, will continue to cause irreparable damage to A2 in an amount which cannot be determined. A2 has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs demand judgment as follows:

a.      Entering judgment in Plaintiffs' favor and against Defendants;

b.      Temporarily restraining, and preliminarily and permanently enjoining Defendants, their agents, servants, employees and attorneys and all those acting in concert or participation with them from:

18

1.    importing, distributing, advertising, promoting, selling, or offering for sale any
      product under or in connection with the BROWNIE BONANZA Trademark or
      any colorable variation thereof, including without limitation BACON
      BONANZA or MUFFIN BONANZA, unless the product emanates from or is
      authorized by Plaintiffs;

2.    using the BACON BONANZA Trademark;

3.    using the MUFFIN BONANZA Trademark;

4.    importing, distributing, advertising, promoting, selling, or offering for sale the
      MUFFIN BONANZA product or any product similar in form or function; and

5.    adopting, registering or seeking to register any trademark which incorporates in
      whole or in part Telebrands' and Prometheus' BONANZA mark for use in
      connection with cookware or bakeware.

c.    Requiring Defendants to:

1.    cancel all outstanding orders for the BACON BONANZA and MUFFIN
      BONANZA Products and to refund any monies received;

2.    cancel all advertising for the BACON BONANZA and MUFFIN BONANZA
      Products;

3.    notify all customers that the BACON BONANZA and MUFFIN BONANZA
      Products are not associated with, sponsored by or affiliated with Plaintiffs or
      Plaintiffs' Products; and

4.    issue a recall of all BACON BONANZA and MUFFIN BONANZA Products
      Defendants have shipped to their customers.

d.    Requiring Defendants to pay their profits to Telebrands and Prometheus, any
damages sustained by Telebrands and Prometheus as a result of their acts, and costs for the action,

19

pursuant to 15 U.S.C. § 1117(a) and/or N.J.S.A. 56:4-1 *et seq.* and/or any other damages recoverable under any other statute or law alleged in this Complaint;

e.     Awarding Plaintiffs their reasonable attorneys' fees because of the exceptional nature of this case, pursuant to 15 U.S.C. § 1117(a) and/or any other applicable statute or law;

f.     Requiring Defendants to pay to Plaintiffs treble damages due to the exceptional circumstances of this case, pursuant to 15 U.S.C. § 1117(a) and/or any other applicable statute or law;

g.     Requiring that all labels, signs, prints, packages, wrappers, receptacles, and advertisements of Defendants' BACON BONANZA and MUFFIN BONANZA Products, and any reproduction, copy, counterfeit or colorable imitation of the BROWNIE BONANZA Trademark, and all plates, molds, matrices and other means of making the same, be delivered up to Plaintiffs for destruction, pursuant to 15 U.S.C. § 1118;

h.     Requiring Gotham Steel and Levy to pay any damages sustained by A2 as a result of their breach of contract under New Jersey Common Law and interest thereon; and

i.     Granting such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all issues and claims so triable.

Respectfully submitted,

March 8, 2018          By:    s/ Liza M. Walsh

Liza M. Walsh
Hector D. Ruiz
Katelyn O'Reilly
Joseph L. Linares
WALSH PIZZI O'REILLY FALANGA LLP
One Riverfront Plaza

20

1037 Raymond Boulevard, 6th Floor
Newark, New Jersey 07102
Tel.: (973) 757-1100
Fax: (973) 757-1090

Robert T. Maldonado (to be admitted *pro hac vice*)
Tonia A. Sayour
Elana B. Araj (to be admitted *pro hac vice*)
COOPER & DUNHAM LLP
30 Rockefeller Plaza
New York, New York 10112
Tel.: (212) 278-0400
Fax: (212) 391-0525
Rmaldonado@cooperdunham.com
tsayour@cooperdunham.com
earaj@cooperdunham.com

*Attorneys for Plaintiffs*

## RULE 11.2 CERTIFICATION

Plaintiffs Telebrands Corp., Prometheus Brands, LLC and A2 Product Development, Inc.,

by their undersigned counsel, hereby certify pursuant to Local Civil Rule 11.2 that the matter in

controversy in the present action is not the subject of any other action pending in any court, or of

any pending arbitration or administrative proceeding.

Respectfully submitted,

March 8, 2018                    By:      s/ Liza M. Walsh

Liza M. Walsh
Hector D. Ruiz
Katelyn O'Reilly
Joseph L. Linares
WALSH PIZZI O'REILLY FALANAGA LLP
One Riverfront Plaza
1037 Raymond Boulevard, 6th Floor
Newark, New Jersey 07102
Tel.: (973) 757-1100
Fax: (973) 757-1090

Robert T. Maldonado (to be admitted *pro hac vice*)
Tonia A. Sayour
Elana B. Araj (to be admitted *pro hac vice*)
COOPER & DUNHAM LLP
30 Rockefeller Plaza
New York, New York 10112
Tel.: (212) 278-0400
Fax: (212) 391-0525
Rmaldonado@cooperdunham.com
tsayour@cooperdunham.com
earaj@cooperdunham.com

*Attorneys for Plaintiffs*

22

## **CERTIFICATION PURSUANT TO L. CIV. R. 201.1**

Pursuant to Local Civil Rule 201.1, Plaintiffs Telebrands Corp., Prometheus Brands, LLC

and A2 Product Development, Inc., through their attorneys, certify that the above captioned matter

is not subject to compulsory arbitration.

March 8, 2018           By     s/ Liza M. Walsh

                                Liza M. Walsh
                                Hector D. Ruiz
                                Katelyn O'Reilly
                                Joseph L. Linares
                                WALSH PIZZI O'REILLY FALANGA LLP
                                One Riverfront Plaza
                                1037 Raymond Boulevard, 6th Floor
                                Newark, New Jersey 07102
                                Tel.: (973) 757-1100
                                Fax: (973) 757-1090


                                Robert T. Maldonado (to be admitted *pro hac vice*)
                                Tonia A. Sayour
                                Elana B. Araj (to be admitted *pro hac vice*)
                                COOPER & DUNHAM LLP
                                30 Rockefeller Plaza
                                New York, New York 10112
                                Tel.: (212) 278-0400
                                Fax: (212) 391-0525
                                Rmaldonado@cooperdunham.com
                                tsayour@cooperdunham.com
                                earaj@cooperdunham.com

                                *Attorneys for Plaintiffs*